Filed 1/21/21  P. v. Coleman CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KEVIN COLEMAN,<br><br>  Defendant and Appellant. | B301764<br><br>Los Angeles County<br>Super. Ct. No. KA121137 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stacy Wiese, Judge. Affirmed.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging defendant and appellant Kevin Coleman with injuring a spouse, cohabitant, fiancé, boyfriend, girlfriend or child's parent (Pen. Code,[1] § 273.5, subd. (a); count one) and making criminal threats (§ 422, subd. (a); count two).

After initially pleading not guilty, Coleman pled no contest to both counts in exchange for a maximum sentence of four years and eight months. The parties stipulated to a factual basis for the plea. The trial court sentenced Coleman to four years in state prison, consisting of an upper term of four years on count one and a concurrent low term of 16 months on count two.

Coleman filed a timely notice of appeal, and we appointed counsel to represent him. On April 14, 2020, appellate counsel filed a brief raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Coleman did not respond to our letter advising him of his right to file supplemental briefing.

Following review of the record pursuant to *People v. Wende*, we affirm.

## FACTUAL BACKGROUND[2]

On May 25, 2019, officers responded to a domestic violence call in Covina. "Jane Doe" approached the officers, who observed

---

1    All undesignated statutory references are to the Penal Code.

2    The following facts are taken from the probation report.

she had a bloodshot right eye and red marks and bloody scratches around her neck consistent with strangulation. Doe told the officers she and Coleman had been living together for two and a half years, along with his five-year-old son.

Earlier that day, Doe had returned to the residence and informed Coleman she wanted to end their relationship. Coleman pushed her to the floor and choked her until she lost consciousness. He then picked her up, threw her to the floor, and stated: "I'm going to kill you." He again picked her up, threw her onto the couch, and attempted to smother her. When he realized his son was watching, he released Doe. Doe ran to a neighbor's house and called the police. Officers responded to her call and arrested Coleman.

## DISCUSSION[3]

We have examined the entire record, and are satisfied no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279 [120 S.Ct. 736, 145 L.Ed.2d 756]; *Wende*, *supra*, 25 Cal.3d at p. 443.)

---

3    The trial court issued a protective order requiring Coleman to stay away from victim Jane Doe and her daughter. We granted Coleman's application for an order permitting preparation of a settled statement from the trial court explaining the factual and statutory basis for the protective order as it related to Doe's daughter. The trial court concluded it did not have jurisdiction to issue a protective order as to Doe's daughter, and therefore modified the order to omit Doe's daughter.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.

We concur:


MANELLA, P.J.


WILLHITE, J.

4